1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

KNOLL, INC.,

           Plaintiff,

  v.

MODERNO, INC, *et al.*,

           Defendants.
_____/

No. C 12-80193-MISC SI

**ORDER DENYING DEFENDANTS'
MOTION TO QUASH NON-PARTY
SUBPOENA ON GOOGLE, INC.**

On September 21, 2012, the Court held a hearing on defendants' motion to quash. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

Plaintiff Knoll, Inc. filed a complaint in the Southern District of New York against defendants Moderno, Inc., Urban Mod, Inc., Mod Stylez, Inc., and Mike Saxena, *Knoll, Inc. v. Moderno, Inc., et al.*, Civ. 11-0488-AKH (S.D.N.Y). The complaint alleges that defendants sell high-end furniture items that infringe upon federally-registered trademarks held by plaintiff and violate New York statutory and non-statutory unfair competition laws.

Since that time, the parties have been engaged in a contentious discovery dispute regarding plaintiff's request for the production of documents necessary to calculate damages. Plaintiff has been seeking the identities of the payment processors that defendants use to route their online sales, as well

1    as any sales-related documents and communications transmitted between defendants and their payment

2    processors, in order to obtain a full accounting of the purportedly-infringing sales.  Because of the

3    potentially trade-sensitive or confidential nature of such discovery, the New York District Court has

4    entered a stipulated protective order.

5         On July 30, 2012, the New York District Court ordered defendants to produce to plaintiff a

6    sworn statement providing (a) the name and the address of the processing company requested by

7    plaintiff's counsel, (b) the name of the persons within that company with whom defendants

8    communicated, and (c) copies of all pages and documents, including e-mails, received from, or sent to,

9    that company. In response, defendants identified Authorize.net as their online payment processor.

10   Shortly thereafter, upon visiting defendants' website, plaintiff came to believe that Google was also one

11   of defendants' online payment processors.  Defendants did not identify Google as one of their online

12   payment processors in the underlying New York litigation.

13        Plaintiff then served Google with the instant non-party subpoena, seeking production of: (1) all

14   sales-related documents and communications transmitted between defendants and Google regarding the

15   purportedly-infringing goods ("the Ibiza furniture products"); (2) all sales-related documents and

16   communications between defendants and Google regarding the furniture items identified only by their

17   "style numbers," which defendants use to identify their goods; and (3) all communications between

18   defendants and Google regarding this and the New York litigation.  Defs' Mot. Exh. A.  Now before the

19   Court is defendants' motion to quash the subpoena served on Google.[1]

20

21                                      **LEGAL STANDARD**

22        Under Federal Rule of Civil Procedure 45(a)(1)(C), any party may serve a subpoena

23   commanding a non-party "to produce documents, electronically stored information, or tangible things

24   . . . ." Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in

25   Rule 26(b). Thus, the subpoena may command the production of documents which are "not privileged"

26   and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of

27   _____

28        [1] Plaintiff has moved to strike defendants' untimely reply. Defense counsel are reminded to
     strictly comply with the Civil Local Rules. In the interest of evaluating the merits of the parties'
     arguments, the Court will consider the untimely reply.

admissible evidence." Fed. R. Civ. P. 26(b).  Upon a timely motion, the court issuing such a subpoena shall quash it if it determines that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(c)(3)(A)(iii). A party challenging a subpoena by claiming a privilege must sufficiently describe the withheld material so that the parties can assess the claim. Fed. R. Civ. P. 45(d)(2). The party moving to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

## DISCUSSION

### I.     Standing

Plaintiff contends that defendants lack standing to quash the subpoena served on Google. As a general rule, a party does not have standing to quash a subpoena issued to a non-party.  *See Malibu Media, LLC v. Does 1-25*, Civ. 12-80193, 2012 WL 2367555 (S.D. Cal. June 21, 2012).  However, a party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed.  *Id.* at *2; 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008).

Here, defendants have demonstrated that they possess a cognizable privacy interest in the sales-related documents and communications sought by the subpoena, and thus defendants have standing to move to quash the subpoena seeking those documents.  *See Malibu Media, LLC*, 2012 WL 2367555, at *2; *Schmulovich v. 1161 Rt. 9 LLC*, Civ. 07-597, 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008). The Court also concludes that defendants have standing to assert the joint defense privilege with regard to the requested production of any communications between defendants and Google regarding the New York litigation. *See, e.g.*, *State of Fla. ex rel. Butterworth v. Jones Chems., Inc.*, No. 90-875-Civ-J-10, 1993 WL 388645, at *2 (M.D. Fla. Mar. 4, 1993).

### II.     Production of the Sales-Related Documents and Communications Between Defendants and Google Regarding the "Ibiza Furniture Products" and the Goods Identified Only by "Style Number"

Defendants contend that their privacy interests in the requested materials outweigh the relevance of those documents to the underlying claims in the New York litigation. In deciding whether to quash

the subpoena, the Court must balance the need for the particular information against the privacy right asserted. *Breed v. U.S. Dist. Ct. for Northern Dist.*, 542 F.2d 1114, 1116 (9th Cir.1976); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 550–51 (E.D. Cal.1990). In making that determination, the Court also considers whether a protective order will address the asserted privacy concerns. *See Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir.1987).

The Court concludes that the information sought by the subpoena is relevant to the infringement claims alleged in the New York case, and that defendants have failed to demonstrate that the protective order will not sufficiently address the asserted privacy interests. In addition, Google may redact sensitive and private information, such as bank account numbers, credit card information, and customer names, which are not relevant to the underlying litigation.

Defendants raise a number of other objections to the subpoena. Defendants assert that all of the documents requested have already been produced to plaintiff. In support of this claim, defendants cite the declaration of defendant Mike Saxena, in which he states that "any and all available sales figures of furniture from the 'Ibiza' line of furniture made through Google, Inc., have been fully and completely produced to Knoll, Inc." Saxena Decl. ¶ 2. Plaintiff states that it is unaware of any such disclosure, and that even if defendants have disclosed sales made through Google (in reports prepared by defendants), plaintiff is entitled to the documents showing the sales of the infringing products so that plaintiff can verify the accuracy of defendants' reports. The Court finds that defendants have not met their burden to show that requested discovery would be duplicative because Mr. Saxena does not lay a foundation for his statement that all sales figures have been fully and completely produced to plaintiff.

Defendants also assert that four of the "style numbers" listed in the Google subpoena are not part of the set of goods at issue in the New York litigation. In support of this assertion, defendants again rely on the declaration of Mr. Saxena, in which he states that the four style numbers are not part of the "Ibiza" line of furniture. Saxena Decl. ¶ 1. Mr. Saxena does not lay a foundation for this statement. Defendants also have filed a document that appears to be a list of sales of furniture, and defendants assert that the "key" on the front page of that document is a comprehensive list of the "Ibiza" style numbers at issue in the New York case (the four style numbers are not contained in that key). However, this document is simply attached to defendants' reply brief, and there is no declaration authenticating

4

the document or explaining this exhibit. Plaintiff responds that it reasonably believes that the four style numbers do correspond with the purportedly-infringing goods because these same style numbers correspond to purportedly-infringing items already produced by defendants in the New York litigation. On this record, the Court concludes that defendants have not met their burden to show that the subpoena seeks irrelevant information.[2]

### III.   Production of the Communications Between Defendants and Google Regarding the New York Litigation

Defendants assert that the only communications between defendants and Google regarding the New York litigation relate to the instant subpoena, and defendants claim those communications are privileged under a theory of joint defense.   At oral argument, plaintiff contended that those communications may contain statements against interest that would be relevant and admissible at trial. Plaintiff also noted that Google did not submit a declaration in support of defendants' claim of joint defense.   The Court agrees with plaintiff and orders production of all communications sought by the subpoena.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES defendants' motion to quash the subpoena served upon Google, Inc., subject to the protective order in effect in the underlying New York litigation and with appropriate redactions as noted above.

**IT IS SO ORDERED.**

Dated: September26, 2012

SUSAN ILLSTON
United States District Judge

---

[2]  Defendants contend that service of the subpoena to Google was improper because the proof of service received by Google was not completed at the time of service.  This argument is without merit because there is no requirement that the server provide a completed proof of service to the individual or entity being subpoenaed at the time of service.  In the event of a dispute as to proper service, Fed. R. Civ. P. 45(b)(4) states that, "[p]roving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served." Plaintiff has filed such a statement. *See* Khachatourian Decl. Exh. B.  Accordingly, the Court finds that service was properly effectuated.

5